Case 2:23-cv-00262-DWL--ESW   Document 1   Filed 02/10/23   Page 1 of 16

☒ FILED   ☐ LODGED

Feb 10 2023

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

1 of 16

Oger Rodriguez Jr. #136011
A.S.P.C.-Lewis Rast Close III
Arizona Dep't of Corrections Reentry and Rehabilitation
P.O. Box 70
Buckeye, Arizona 85326

In the United States District Court
For the District of Arizona

| | |
|---|---|
| Oger Rodriguez Jr. <br> Plaintiff, <br><br> v. <br><br> Et al., David Shin et al., <br> Defendant | CV-23-262-PHX-DWL (ESW) <br><br> Notice of Intention to File Claim |

To the Attorney General of the State of Arizona Kris Mayes Please take Notice, that the Undersigned Oger Rodriguez Jr., intends to file a Claim against the State of Arizona, Pursuant Chapter 11, Article 1 A.R.S. § 41-1601. And A.R.S. § 31-201.01.

The Post Office to the Plaintiff herein is:
Arizona Department of Corrections Reentry and Rehabilitation
Arizona State Prison Complex-Lewis/Unit Rast Max
P.O. Box 70
Buckeye, Arizona 85326

For the time being, I am representing myself.

The time when and the place where such claim arose and the nature of my claim are as follows:

1. Duty to Protect

I am currently under the jurisdiction of the State of Arizona serving a term of 7 years in the Arizona Department of Corrections Reentry and Rehabilitation.

As of the year 2010 I have been an inmate approved by A.D.C.R.R to be in Protective Custody under Department Order #805 - Protective Custody Procedures. A.D.C.R.R currently houses Protective Custody inmates at the Arizona State Prison Complex of Lewis in the units of Barchey, Bachman, Buckley, Rast Close and Rast Max Custody.

In recent years A.D.C.R.R Administrative Officials at A.S.P.C-Lewis have allowed, permitted and or overlooked the rise or roots planted by several prison groups, gangs or affiliated members of various names known as "La Doce Familia", "Los Numeros", "#'s", (The Numbers), "Family Over Everyone" or "F.O.E" and a few others less influential.

A.D.C.R.R Administrative Officials have reason to believe or direct knowledge of the existance of these prison group(s), gang(s) or affiliation(s).

A.D.C.R.R Administrative Officials at A.S.P.C-Lewis have failed to prevent the rise and expansion through recruitment of these most influential prison group(s), gang(s) or affiliations in Protective Custody.

I have attempted to take the following action(s):

<u>NOTARIZED LETTERS TO A.D.C.R.R OFFICIALS</u>

On or about 9-20-2021 in a Notarized letter to A.D.C.R.R Administrative Official(s) Warden Mattos of A.S.P.C-Lewis, I addressed issues regarding the safety and security of Protective Custody Units of Morey, Buckley, Rast Close, Barchey and Bachman. I advised them that an existing threat of Organized Prison Groups, Gangs and/or Affiliation(s) known as "La Doce Familia", "Los Numeros", "#'s", Family Over Everything (FOE) and various others not so influential.

On or about 9-20-2021 I also addressed a letter to A.D.C.R.R Administrative Officials at Morey Unit regarding a legitimate issue that had risen from drug transactions and threats made to cause me substantial risk of physical bodily harm or injury by an affiliated member of any one of these Prison Groups, Gangs and/or Affiliation(s).

On or about 10-25-2021 through Inmate Informal Complaint Resolution addressed to Warden Mattos I advised him about these organized Prison Groups, Gangs or Affiliation(s) in a Protective Custody setting.

On or about 11-03-2021 A.D.C.R.R Administrative Official COIV Mary Ellen Quishita of Morey Unit through Informal Grievance Response Case #21-034448 Responded with the the following statement;

"You were interviewed by a COIV and advised that you will not house on Morey or Buckley and want to go to Max. You are trying to manipulate housing for the poor choices you have made. SSU was unable to verify the information you provided regarding your debt for narcotics and who you owed for the narcotics. Without being able to verify that this information is accurate a Do Not House With cannot be added to ACIS. The Department has done all it can do to ensure you are safe, but its unable to protect you from yourself and the poor choices you choose to make. This issue is resolved."

However, in my notarized letter addressed to Deputy Warden Evans, COIV Ramirez, SSU Osorio and SSU Allen dated 9-20-2021 I specified the compromised position Sgt. Camarillo put me in at the time I advised him of my issue with Inmate Joel Garcia-Franco. A.D.C.R.R Administrative Official COIV Mary Ellen Oushita of Morey Unit contradicts the facts of the information I have provided of <u>Whom</u> I owed for the narcotics.

On or about 10-7-2021 through a notarized letter I outlined Department Order #704 10.0 - Refusal to House Procedures issues that I believed were not being met, complied, enforced and/or applied to as procedural due process measures or actions taken in my own best interest for safety and security reason(s). In the same letter to the Regional Director of Operation at Lewis Complex on Page 5 of 14 I articulated the following statement:

"However, Special Security Unit of Morey, Buckley, Rast, Barchey and Bachman Units at Lewis Complex are fully aware that the following inmates are part of and or are directly affiliated with the following influential prison group(s), gang(s) or affiliation(s), throughout Lewis Complex,

"La Doce Familia"

Orlando Gomez #157060 aka (ShyBoy)
Jacobo Gonzalez #197381 aka (Noodles)
Paul Ramirez #207172 aka (Cuco)
Victor A. Castro #149860 aka (Bola)
Miguel Cruz #229986 aka (Teto)

"Los Numeros" "II's"

Aka (El Paciente) #121475
Felipe Castro #072340 aka (Felipe)
Benjamin Rocha #251237 aka (Tucan)
Luis Antonio #031562 aka (Chapo)
Rigoberto Campos #22798 aka (Chinola)
Oscar Nuñez #160734 aka (Flaco Michoacano)
Manuel Pelayo #205660 aka (Pelayo)

These are the most influential organized prison group(s), gang(s) and or affiliations, with the most authoritorian delegation and or control, they are the force of recruitment of inmates and correctional officers."

~~[crossed out line]~~

Department Order: #802 - Inmate Grievance Procedures

Through the Arizona Department of Corrections Rehabilitation and Reentry Inmate Letters and the Inmate Grievance Procedures I have diligently attempted to address the issues related to the Non-Compliance of Procedural Due Process regarding Department Order: #704 10.0 Refusal to House Procedures.

Inmate Letter 10-6-21 addressed to COIV Ramirez at Morey Unit Administration, Unprocessed w/o Case #

Inmate Letter dated 10-14-21 addressed to D.W., A.DW, COIV's and Shift Commanders at Rast Unit Administration, Unprocessed w/o Case #

Inmate Informal Complaint Resolution addressed to Warden Hattos Case #21-034448 Lewis Complex

Inmate Informal Complaint Resolution addressed to COIV Ramirez dated 10-20-21, Unprocessed. Morey Unit w/o Case #

Inmate Informal Complaint Resolution addressed to Rast Close III COIII Daniels, Unprocessed. Dated 10-20-21 w/o Case #

Inmate Informal Complaint Resolution dated 12-30-21 addressed to Buckley Unit COIII Robles, Unprocessed w/o Case #

Inmate Informal Complaint Resolution dated 12-30-21 addressed to Buckley Unit COIII Robles, Unprocessed w/o Case #

Inmate Informal Complaint Resolution dated 10-13-22 addressed to Grievance Coordinator at Rast Close Administration, Unprocessed w/o Case #

Inmate Informal Complaint Resolution dated 10-25-22 addressed

Rast Close Administration Grievance Coordinator COIV Graff, Unprocessed, w/o Case #

Informal Complaint Resolution Dated 10-31-22 Addressed to Rast Close Administration Grievance Coordinator COIV Graff for Buckley Unit COIV Robinson, Unprocessed w/o Case #.

Inmate Grievance Dated 10-27-22, Unprocessed w/o Case #

Inmate Informal Complaint Resolution Dated 12-8-22 Addressed to Grievance Coordinator at Rast Close Administration, Unprocessed w/o Case #

Inmate Informal Complaint Resolution Dated 12-8-22 Addressed to COIII Daniel at Rast Close, Unprocessed, w/o Case #

Inmate Grievance Dated 11-9-22 Case #22-046803 Unprocessed

Inmate Grievance Dated 1-12-23 Addressed to Buckley Unit Administrative Official COIV Robinson, Unprocessed w/o Case #.

Inmate Grievance Dated 1-12-23 Addressed to Rast Close Administrative Official COIV Willis, Unprocessed w/o Case #.

Inmate Grievance Dated 1-12-23 Addressed to Rast Close Unit Administrative Official Cap't Hamilton, Unprocessed w/o Case #.

A.D.C.R.R Administrative Officials of Buckley and Rast Close Units at A.S.P.C-Lewis are knowingly and intentionally interfering with my right to grieve any officers actions. A.D.C.R.R Administrative Official are acting with deliberate intent of interference with my Grievance Issues regarding the non-compliance of Sections or Subsections of Dep't Order #704 10.0 - Refusal to House. (D.O 802 - Inmate Grievance Procedure Subsection 1.1)

2. PROCEDURAL DUE PROCESS

A.D.C.R.R. Administrative Officials at A.S.P.C.-Lewis have used, applied and or enforced sections of Department Order #704 10.0 - Refusal to House Procedures improperly or partially to "reflect" some compliance. Through dated Inmate Informal Resolutions/Responses, and or unprocessed documentation, notarized letters and Inmate Grievance Procedure, an attempt has been made to work on an open written dialogue and or communication in understanding instructions of all correctional staff on how the process works, clear guidelines as what they should do, how they can positively impact protection related scenarios, and to make decisions based on sound correctional judgement.

As an approved Protective Custody Level Inmate CO IV Willis, CO IV Keaton of A.S.P.C.-Lewis Rast Max, and CO IV Robinson of Buckley Unit, I have been informed that as Protective Custody Inmates we no longer have an existing Department Order and or guideline, rule, procedure and or regulation in the case of other threats and or risk of substantial physical bodily harm or injury. To quote CO IV Willis statement, "This is it, there is nothing else we can do for you, it's the end of the line, the process is over. There is nowhere we can put you, go back to the yard and either take what you have coming or do what you have to do. There is nothing else we can do for you."

On or about 5-11-21 while housed at Morey Unit in A.S.P.C-Lewis Administrative Officials of Morey Unit such as CO/V Enshita and SSU Osorio at the time failed to meet (ACA) Standards: 5-ACI-3D-18 at the time when Department Order #704 - Inmate Regulations Section 10.0 - Refusal to House Procedures has to be fully enforced, applied and or complied with subsections 10.1, 10.1.4, 10.2, 10.2.1, 10.3, 10.3.1, 10.3.2, 10.5.1.

On or about 9/1/22 while housed at Buckley Unit in A.S.P.C-Lewis Administrative Officials of Buckley Unit such as CO/V Robinson and (SSU) Special Security Unit Lopez at the time failed to meet (ACA) Standards: 5-ACI-3D-18 and Expected Practices: 5-ACI-1-A-24, 5-ACI-1C-22. When or at the time Buckley Unit Administrative CO/V Robinson and SSU Lopez through the applicability or enforcement of Department Order #704 - Inmate Regulations, Section 10.0 - Refusal to House Procedures.

On 9-1-22 CO/V Robinson and SSU Lopes failed to meet time frame of ("...shall interview the inmate the following business day to determine the reason for refusing to house.") in accordance with subsection 10.1 of Department Order (D.O) #704.

On 9-1-22 CO/V Robinson and SSU Lopes failed to meet Subsection 10.1.4 "Sound correctional judgement shall be used to determine if an inmate has legitimate issues not previously addressed and if a new Protective Custody review process is required." D.O 704 10.0 - Refusal to House Procedures

On or about 9-1-22 CO IV Robinson and SSU Lopez failed to meet Section 10.2 "If a viable housing option cannot be found within the complex, the inmate shall not be eligible for movement out of the complex for a maximum of six months." D.O. 704 10.0 - Refusal to House Procedures.

Subsection 10.2.1 "Any movement out of detention for refusal to house inmate prior to the six month time frame, shall be approved by the Assistant Director of Prison Operations."

On or about 10-3-22 CO IV Robinson and SSU Lopez of Buckley Unit failed to meet time frame of Section 10.3 "Within 30 calendar days the unit CO IV, SSU and the Deputy Warden shall submit a Reintegration Plan to the Warden. This shall include, but is not limited to:

10.3.1 Mediation between inmates with conflicts.

10.3.2 Gradual increase in privileges if the inmate will work with staff to find a viable housing location within the complex.

On or about the following dates 9-1-22, 10-3-22, 11-1-22, 12-1-22, and 1-2-23 Buckley Unit Administrative Officials CO IV Robinson and SSU Lopes failed to meet time frame within Subsection 10.5.1 "The unit CO IV and SSU shall interview the inmate every 30 calendar days to determine if the inmate is willing to house at the current complex. Refusing to house will result in continued loss of privileges and may impact his eligibility for an early discretionary release. A major disciplinary violation (25B) shall be issued

EACH TIME THEY REFUSE TO HOUSE.

3. IN CONCLUSION

ADCRR ADMINISTRATIVE OFFICIALS AT A.S.P.C-LEWIS BUCKLEY, MOREY AND RAST CLOSE OR MAY CONTINUE TO OVERLOOK THE SUBSTANTIAL RISK OF THREAT(S) BY THESE ORGANIZED PRISON GROUP(S), GANG(S) AND OR AFFILIATION(S) IN A PROTECTIVE CUSTODY ENVIRONMENT. DEPARTMENT ORDER #805, SECTION 8.2 ADMINISTRATIVE REMOVAL FROM PROTECTIVE CUSTODY OUTLINES A PROCEDURE IN WHICH MEASURES SHOULD BE USED BY ADCRR ADMINISTRATIVE OFFICIALS TO IMPLEMENT THE SUBSECTION BELOW;

8.2.1
"THE WARDEN OR DEPUTY WARDEN MAY RECOMMEND AN INMATE BE REMOVED FROM PROTECTIVE CUSTODY BASED ON INFORMATION THAT PROTECTIVE CUSTODY PLACEMENT MAY NO LONGER BE WARRANTED DUE TO ASSAULTIVE/PREDATORY BEHAVIOR."
{5-ACI-4A-08}

AT THIS TIME OR LEVEL OF RECRUITMENT BY THESE ORGANIZED MEMBERS OF PRISON GROUP(S), GANG(S) AND OR AFFILIATION(S) HAS BEEN RAPIDLY INCREASED THAT THE VOLUME OR NUMBERS OF MEMBERS ARE MUCH MORE THAN ORIGINALLY STATED. IT IS NOT AS SIMPLE TO JUST REMOVE A FEW "BAD APPLES" AND THE PROBLEM WOULD BE RESOLVED, HIGHARCHY AND OR RANKS HAVE FORMED IN ORDER TO BUILD A SYSTEMIC STATUS AMONGST ITS MEMBERS.

Those on the outside such as myself would no longer be accepted to coexist in the "New-Era" simply because I am tainted for submitting articulated documentation such as this in the blind hope to find a resolution to a safer environment that is not so politically inclined or authoritarian control.

### Resolution Seeked

Understanding that the complexity of this situation is, ~~Rather~~ Evolutionary by the ~~ex~~ members of General Population that through the 'Debriefing' method or procedure have infiltrated the Protective Custody. Flexibility that ADCRR Administrative Officials overlooked, or failed to acknowledge the possibility of sudden Security Threat Group (STG) members "needs" to seek "Protection" from the Administrative Segregation and strict structure such as the Special Management Unit at A.S.P.C.-Eyman Bronwyn Unit.

It is by default that ADCRR Administrator such as the Director of Prisons to Allow or permitted STG debriefers to be housed in Protective Custody Units rather than keep a divided structure ~~from~~ Non-Security Threat Groups, to those whom the Department officially deemed to be predatory in nature or problematic to the Institution.

In a perfect world scenereo it is unreasonable to think or suspect that certain individuals are not

intended to want change or that truly do want to leave behind the ideology of prison politics or feel the need or want for a "fresh start."

But ADCRR Administrative Officials have been for years training and study the evolution of prison groups, gangs and or affiliations to have the ability to perform, apply, enforce and or institute the necessary structure to solve problematic issues arising from constant inmate population control.

At this time it is necessary to focus on the dangers, issues and concerns that seriously affects A.S.P.C.-Lewis Complex as a whole. That the enforcement or applicability of Department Rules, Policies and or Regulations be independently monitored closely by ADCRR Administrators from the very top. This administration of A.S.P.C.-Lewis for sometime has lacked the leadership and structure to define "full compliance" of Rules, Policies, Customs and Regulations by the Department Orders. The Complex Warden Mattos has given much flexibility and authority to Deputy Wardens over what should be enforced and that which is not of "priority." Allowing the chain of command to neglect or negate important needs of sections or subsections that require much needed attention by Department Orders, Procedures, Requirements, Duties and most of all responsibility.

Department Order #501- Employee Professionalism, Ethics, and Conduct have been "modified" within the chain of command allowing or permitting flexibilities of Inmates and Correctional Officer Standards. It is the reason for which within the last few years in A.S.P.C.- Lewis ADCRR officials have been investigated and or charged with Criminal Statutory Violations. Needless to say the numerous accounts of Departmental Investigations of Criminal Enterprise within Officials and Inmates, the Department's needs to Dismiss Correctional Officers for Violations of Criminal Misconduct. At this point in time "Protective Custody" units are unsafe and unstable do to the flexibility and oversight by the Department to act as needed to prevent the uprise or planted of Roots by Security Threat Groups Deemed a threat to the Institution.

It is believed that the most adequate relief for this particular situation would be an Injunctive Measure, that can prevent any further violations of Procedural Misconduct by ADCRR Administrative Officials. Of partially appling upon all inmate who feel threatened by the 'situation' or being compromise by staff members and or reasons of substance abuse their own Departmen Order #704 more specifically Section 10.0 - Refusal to House Procedures.
If A.S.P. Lewis ADCRR Administrative Officials are knowingly aware that inmates placed under this

POLICY, RULE, REGULATION AND OR "STATUS" WITHOUT THE PROPER USE OF ALL SECTIONS AS A PROCEDURAL DUE PROCESS TO ENSURE SAFETY AND SECURITY MEASURES OF VIABLE HOUSING ASSIGNMENT WITHIN THE COMPLEX WITHOUT OVERLAPPING OR CYCLING THE INMATE WITHIN THE SAME TWO (2) CUSTODY LEVEL UNITS.

THE ADCRR ADMINISTRATIVE OFFICIALS OF ASPC-LEWIS HAVE DETERMINED THAT PROTECTIVE CUSTODY HOUSING IS LIMITED AND CONFINED WITHIN THE LEWIS COMPLEX IT DOES NOT HAVE THE AVAILABILITY OF "ALTERNATIVE" HOUSING. HOWEVER, ADCRR ADMINISTRATIVE OFFICIALS STILL APPLY A DEPARTMENT ORDER THAT IS KNOWN FROM THE VERY BEGINNING IT HAS NO WAY TO MEET REQUIREMENTS OF CERTAIN SECTIONS WITHIN D.O #704 SECTION 10.0 REFUSAL TO HOUSE PROCEDURES.

THE ACTIONS BY ADCRR ADMINISTRATIVE OFFICIALS AT ASPC LEWIS ARE DELIBERATE ACTS AT BEST, FOR ALLOWING DEPUTY WARDENS TO MANIPULATE THE DEPARTMENT ORDER #704 SECTION 10.0 TO BEST SEEK DEPARTMENTS OWN INTREST. IT IS AGGRIEVING TO BE PLACED IN CONDITION OF SEGRAGATIVE PUNISHMENT FOR SEEKING "PROTECTION" KNOWING THAT THE SYSTEMIC FAILURE IS MANIPULATED TO PUNISH RATHER THAN TO PROTECT.

THIS ADCRR ADMINISTRATIVE DEPARTMENT OF ASPC LEWIS CAUSES DELIBERATE AND INTENTIONAL PROCEDURAL DUE PROCESS VIOLATIONS DIRECTLY OR INDIRECTLY DIPRIVING INMATES PREVILEGES INHERENT WITHIN ITS OWN DEPARTMENT ORDERS. UPON REVIEW OF CASES

WITHIN DETENTION UNITS OR FACILITIES WITHIN LEWIS COMPLEX DESIGNED TO ACT AS "DETENTION" OVERFLOWS FOR INMATES OF REFUSAL TO HOUSE OR R.T.H STATUS. THE RESULTS WILL SHOW THAT SEVERAL INMATES HAVE IN FACT BEEN CONFINED TO SEGREGATION CONDITIONS OR PUNISHMENT BY TAKING AWAY PROPERTY ITEMS SUCH AS APPLIANCES, PHONE PRIVILEGES, VISITATION AND TABLET PROGRAMS OF BASIC SERVICES. WHILE OR UNDER DEPARTMENT ORDER #704 INMATE REGULATIONS, SECTION 10.0 - REFUSAL TO HOUSE PROCEDURE THE DEPRIVATIONS TO MY PROCEDURAL RIGHTS AND PRIVILEGES INHERENT WITHIN THIS DEPARTMENT ORDER CAN NOT BE SATISFIED OR MET WITHOUT PROPER COMPLIANCE BY ADCRR ADMINISTRATIVE OFFICIALS AT A.S.P.C. LEWIS.

RESPECTFULLY SUBMITTED ON FEBUARY THIS DAY 10TH OF 2023.

STATE OF ARIZONA
COUNTY OF MARICOPA.
Subscribed and sworn before me this 10 day of FEBRUARY, 2023 by
_____ NOTARY PUBLIC

*Steven M. Latto*

*Gex Rodriguez Jr.*
GEX RODRIGUEZ JR.


STEVEN M. LATTO
Notary Public - Arizona
MARICOPA COUNTY
Commission # 597531
Expires January 18, 2025